UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD J. HATCH, | : |
| Petitioner, | : |
| v. | : Civil Action No. 09-0116 (RJL) |
| B.R. JETT, WARDEN, | : |
| Respondent. | : |

## MEMORANDUM OPINION

This matter is before the Court on Donald Hatch's petition for a writ of habeas corpus. For the reasons stated below, the petition will be denied.

### I. BACKGROUND

In the Superior Court of the District of Columbia, on August 25, 1988, a jury convicted petitioner on fifteen charges arising from two rapes and one attempted rape in 1987. After entertaining and denying motions for a new trial, on March 28, 1989, the Superior Court imposed an aggregate sentence of 81 to 243 months' incarceration.

In this action, petitioner not only asserts ineffective assistance of trial counsel but also challenges allegedly erroneous rulings by the Superior Court and the District of Columbia Court of Appeals with respect to petitioner's various motions for new trial and motions to vacate or set aside his sentence filed under D.C. Code § 23-110. He now seeks relief in this federal district court on the ground that the local remedy under D.C. Code § 23-110 does not provide adequate or effective relief.

1

## II. DISCUSSION

Generally, a prisoner "in custody under a sentence of the Superior Court may move to have the sentence vacated for various reasons, including ineffective assistance of counsel[,]" by filing a motion under D.C. Code § 23-110. *Butler v. United States*, 884 A.2d 1099, 1104 (D.C. 2005). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted). In relevant part D.C. Code § 23-110 provides:

> [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g).

"Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992); *see Swain v. Pressley*, 430 U.S. 372, 381-82 (1977) ("Since the scope of the remedy provided [§] 23-110 is the same as that provided by [28 U.S.C. §] 2255, it is also commensurate with habeas corpus in all respects save one – the judges who administer it do not have the tenure and salary protection afforded by Art. III of the Constitution."). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986).

Here, Petitioner establishes only that he repeatedly has tried, and failed, to obtain relief in

the District of Columbia courts. His lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110 does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Insofar as Petitioner demands review or reversal of the rulings of the Superior Court or the District of Columbia Court of Appeals, this Court is without authority to grant such relief. A challenge to an order or judgment of the Superior Court goes before the District of Columbia Court of Appeals, *see* D.C. Code § 11-721(a), and this Court "is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

### III. CONCLUSION

Petitioner neither establishes that he is in custody in violation of the Constitution or laws or treaties of the United States, *see* 28 U.S.C. § 2241(c)(3), nor that the remedies available to him under D.C. Code § 23-110 are inadequate or ineffective. Accordingly, the Court must deny his petition. An Order consistent with this Memorandum Opinion is issued separately.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

Date: 3/4/09