## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DONALD J. HATCH,                          :
                                          :
            Petitioner,                   :
                                          :
     v.                                   :       Civil Action No. 09-116 (RJL)
                                          :
B.R. JETT, *Warden*,                      :
                                          :
            Respondent.                   :
                                          :

## MEMORANDUM OPINION
March ___, 2012 [Dkt. #1, 30, 37]

This action arises from Donald J. Hatch's ("petitioner") petition for writ of habeas corpus. This matter is before the Court on the government's ("respondent") motion to dismiss the petition for a writ of habeas corpus and petitioner's opposition thereto. For the reasons discussed below, respondent's motion to dismiss will be GRANTED, the petition will be DENIED, and this action will be DISMISSED.[1]

## I. BACKGROUND

On August 24, 1988, a jury in the Superior Court of the District of Columbia found petitioner guilty of three counts of armed kidnapping (Counts C, H, and M); three counts of armed robbery (Counts D, I, and N); two counts of armed rape (Counts F and J); one count of assault with intent to commit armed rape (Count O); two counts of

---

[1] In addition, petitioner's Motion to Clarify the Record [Dkt. #37], which the Court construes as a motion for leave to supplement his opposition to the government's motion to dismiss, will be granted *nunc pro tunc*.

sodomy (Counts E and K); and two counts of threats (Counts G and L). Respondent's

Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Mot.")

[Dkt. #30] at 2-3; Memorandum of Points and Authorities in Support of: Motion to

Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2241 and 16 D.C. Code

§ 1901 ("Pet'r's Mem.") [Dkt. #1] at 5. On September 21, 1988, petitioner filed a *pro se*

motion under D.C. Code § 23-110 to vacate and set aside his conviction. Resp't's Mot.

at 3. Counsel supplemented this motion on February 23, 1989. *Id.* The Superior Court

held hearings on petitioner's Motion for a New Trial on Grounds of Ineffective

Assistance of Counsel on March 19 and March 21, 1989. *Id.* On March 21, 1988, the

court denied the motion. *Id.*; Ex. 1 to Resp't's Mot. at 16 ( "motion for new trial due to

ineffective assistance of counsel is heard and denied").

On March 28, 1989, the Superior Court sentenced petitioner to fifteen to forty-five

years each as to Counts D, F, I, J, and N, to run consecutively; fifteen to forty-five years

each as to Counts C, H, M, and O, to run concurrently; three to nine years each as to

Counts E and K, to run consecutively; and two to six years each as to Counts G and L, to

run concurrently. Resp't's Mot. at 25; Ex. 2 to Resp't's Mot. Petitioner filed a notice of

appeal on April 10, 1989 challenging both his conviction and the ruling on his

September 21, 1988 § 23-110 motion. Resp't's Mot. at 4; Ex. 3 to Resp't's Mot. at 3;

Ex. 9 to Resp't's Mot. at 2.

On August 17, 1993, petitioner filed a second *pro se* motion under D.C. Code

§ 23-110 challenging his convictions as to one victim, N.T. Resp't's Mot. at 4; Ex. 4 to

Resp't's Mot. at 3. According to petitioner, "he was denied his Sixth Amendment right

to the effective assistance of counsel during his trial" because counsel "fail[ed] to retain a forensic serologist to inspect the items of physical evidence in the [N.T.] incident to determine the feasibility of conducting DNA testing." Ex. 4 to Resp't's Mot. at 3. Based on the government's discovery of "an undisclosed FBI serology report that was performed on physical evidence obtained from one of the . . . victims, [N.T.]" and analysis concluding that "the seminal stains could not have been secreted by petitioner," counsel appointed to represent petitioner on direct appeal moved, on March 4, 1994, "for a new trial on all of petitioner's convictions." Resp't's Mot. at 4. On October 25, 1994, the trial court held an evidentiary hearing on both the *pro se* motion under D.C. Code § 23-110 and counsel's motion for a new trial under D.C. Superior Court Rule of Criminal Procedure 33. *Id.* On March 3, 1995, the court granted the motion for a new trial as to the conviction "relating to the [N.T.] incident," (Counts C, D, E and F), denied the motion for a new trial in all other respects, and denied petitioner's *pro se* § 23-110 motion claiming ineffective assistance of counsel. *Id.* at 4-5; Ex. 4 to Resp't's Mot. at 24-25. On March 11, 1995, petitioner appealed both denials. Resp't's Mot. at 5.

On August 29, 2002, the District of Columbia Court of Appeals affirmed petitioner's convictions on direct appeal, denied the *pro se* § 23-110 motion filed on February 23, 1989,[2] and denied his challenge to the partial denial of his Rule 33 motion

---

[2] The motion was originally filed by petitioner on September 21, 1988, but was supplemented by counsel on February 23, 1989. *See supra* p. 2.

3

for a new trial.[3]  Resp't's Mot. at 6; Ex. 7 to Resp't's Mot. at 7.  The mandate issued on

November 20, 2002, Resp't's Mot. at 7; Ex. 9 to Resp't's Mot. at 19, and the D.C. Court

of Appeals denied his petition for rehearing *en banc* on February 27, 2003.[4]  Resp't's

Mot. at 7.

On April 6, 2004, petitioner filed a *pro se* motion in the Superior Court requesting

reconsideration of the denial of the § 23-110 motion.  Resp't's Mot. at 7.  The court

denied this motion on April 26, 2004, and the petitioner appealed that decision on

May 24, 2004.  *Id.*  On March 28, 2007, the D.C. Court of Appeals dismissed the appeal

for lack of jurisdiction.  Resp't's Mot. at 7-8; Ex. 10 to Resp't's Mot. at 8.  The mandate

issued on May 14, 2007.  Resp't's Mot. at 8; Ex. 10 to Resp't's Mot. at 9.

During the pendency of his direct appeal, petitioner filed a Motion for a New Trial

pursuant to D.C. Code § 23-110 on December 4, 2001 and supplemented the motion on

---

[3] The D.C. Court of Appeals docket reflects that petitioner submitted a letter dated November 29, 1995 that the Court "construed as a notice of appeal from the October 26, 1995 order, and docketed as appeal no. 95-CF-1735," and directed that the "appeal shall include all issues, both direct and collateral, arising from all non-vacated convictions." Ex. 9 to Resp't's Mot. at 2.  Accordingly, the Clerk of Court "transfer[red] and file[d] the records previously filed in appeal nos. 88-CF-1229, 89-CF-438 and 95-CF-431 as the record in appeal no. 95-CF-1735."  *Id.*

[4] Petitioner subsequently moved to recall the mandate on September 16, 2004, but the D.C. Court of Appeals denied that motion on October 4, 2004.  Resp't's Mot. at 7.

4

April 8, 2002.[5] Resp't's Mot. at 5-6. On August 26, 2002, the Superior Court denied

petitioner's § 23-110 motion, noting that all of the issues pertaining to petitioner's

ineffective assistance claims had been raised, or could have been raised, in his prior § 23-

110 motions. Resp't's Mot. at 6; Ex. 6 to Resp't's Mot. at 2. Petitioner did not appeal

this ruling until March 4, 2008. Resp't's Mot. at 6 n.4; Ex. 8 to Resp't's Mot. at 1. The

D.C. Court of Appeals dismissed the appeal as untimely on April 23, 2008, denied

petitioner's motion for reconsideration on May 7, 2008, and the mandate issued on May

16, 2008. Resp't's Mot. at 6 n. 4; Ex. 8 to Resp't's Mot. at 2.

Undaunted, petitioner filed additional motions in the Superior Court in 2007, 2008

and 2009 and appeals to the D.C. Court of Appeals, all without success. *See* Resp't's

Mot. at 8, 28-30; *see generally* Exs. 11-13 & 17 to Resp't's Mot. On January 16, 2009,

petitioner filed the petition for a writ of habeas corpus presently before the Court.

## II. DISCUSSION

In the instant action, petitioner raises several issues, most of which pertain to

alleged errors committed by trial counsel, *see* Pet'r's Mem. at 13-15, 21-22; the

prosecutors, *see id*. at 19-21 & 23; the Superior Court, *see id.* at 23-30; and the D.C.

Court of Appeals, *see id.* at 15-19. The only matter over which this Court has

jurisdiction, however, is petitioner's claim of ineffective assistance of appellate counsel;

---

[5] In an Order filed August 22, 2001 the D.C. Court of Appeals stated that if
petitioner filed his § 23-110 motion "within 60 days from the date of this order, the trial
court shall consider the merits of the motion without first analyzing whether appellant has
met the 'cause' requirement articulated in *Shepard v. United States*, 5[3]3 A.2d 1278
(D.C. 1987)." Ex. 5 to Resp't's Mot. Petitioner filed his motion beyond this sixty-day
time limit.

and this claim is time-barred.  Therefore, for the reasons that follow, the Court grants respondent's motion to dismiss.

## A. Claims of Error by the District of Columbia Courts

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack." D.C. Code § 23-110(a).  Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[6]  D.C. Code § 23-110(g); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (per curiam) ("[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention.") (internal quotation marks and citation omitted).

---

[6] The phrase "'[r]emedy by motion' plainly refers to motions filed pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 2073 (2010).

"It is well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective." *Joyner v. O'Brien*, No. 09-0913, 2010 WL 199781, at \*2 (D.D.C. Jan. 15, 2010) (citations omitted); *see Corley v. U.S. Parole Comm'n*, No. 08-1342, 2009 WL 2606554, at \*3 (D.D.C. Aug. 26, 2009) (citing *Garris*, 794 F.2d at 727); *see also Morton v. United States,* No. 07-5253, 2008 WL 4726051, at \*1 (D.C. Cir. June 12, 2008) (per curiam) (denying request for certificate of appealability on the ground that appellant "may not challenge his District of Columbia convictions in federal court unless his remedy under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his detention" and explaining that "[t]he § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied").

Petitioner has vigorously contested his convictions, both in the Superior Court by filing motions under D.C. Code § 23-110 and by appealing unfavorable rulings to the D.C. Court of Appeals. His assertions that the D.C. Court of Appeals "denied [him] the right to file claims of ineffective assistance of trial counsel" and that the Superior Court "refused to consider any claims of ineffective assistance of counsel and other meritorious claims," Pet'r's Mem. at 2, are hardly persuasive. Review of the record demonstrates not only that petitioner has raised ineffective assistance of counsel claims on more than one occasion, but also that he had ample opportunity to raise any other claim since his conviction in 1988. Moreover, his allegations of error by the Superior Court were properly raised in and decided by the D.C. Court of Appeals, and this Court is without jurisdiction to review or overturn these rulings. In short, petitioner cannot avail himself

7

of this federal forum merely because his prior attempts to challenge his conviction in the District of Columbia courts have not been successful.

### B. The Petition is Treated as if Filed Under 28 U.S.C. § 2254

Generally, a district court may grant a writ of habeas corpus, 28 U.S.C. § 2241(a), if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court also may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Respondent submits that where, as here, the petition "does not challenge the conditions of . . . confinement but rather the legality of [petitioner's] conviction and sentence," the petition "should more properly be captioned, and addressed, as having been filed pursuant to 22 U.S.C. § 2254." Resp't's Mot. at 2 n.1. Ample authority supports the proposition that a person serving a criminal sentence imposed by the Superior Court of the District of Columbia is considered a state prisoner for purposes of federal habeas relief. *See, e.g., Hazel v. Lves,* No. 11-1100, 2011 WL 5022899, at *1 (D.D.C. Oct. 20, 2011) (recognizing that a District of Columbia prisoner is considered a state prisoner); *Banks v. Smith,* 377 F. Supp. 2d 92, 94 (D.D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court.") (citation omitted); *cf. Madley v. U.S. Parole Comm'n,* 278 F.3d 1306, 1308-09 (D.C. Cir. 2002) (holding that District of Columbia courts are deemed to be state

8

courts for purposes of 28 U.S.C. § 2253(c)). Neither petitioner's characterization of his

pleading, *see* Petitioner's Response to Respondent's Motion to Dismiss Petitioner's

Petition for a Writ of Habeas Corpus ("Pet'r's Opp'n") [Dkt. #36] at 11, nor the fact that

petitioner is serving his sentence in a federal correctional institution, *see id.* at 8-9, is

dispositive. Petitioner clearly is challenging the Superior Court convictions, and,

therefore, the Court construes his petition as that of a state court prisoner filed under

28 U.S.C. § 2254. *See Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 122-23 (D.D.C.

2011) (construing petition as one filed under § 2254, not § 2241, where petitioner

challenged Superior Court judgment); *Davis v. Cross*, 774 F. Supp. 2d 62, 64 (D.D.C.

2011) ("Because petitioner is in custody pursuant to a judgment of a state court, he makes

his petition under 28 U.S.C. § 2254.").

### C.  The Petition is Time-Barred

"A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §

2244(d)(1). In this case, "[t]he limitation period . . . run[s] from . . . the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled,

however, while "a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending," 28 U.S.C. §

2244(d)(2); that is, until the completion of the ordinary state collateral review process.

*See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

In petitioner's case, the limitations period began to run on May 28, 2003—"the date on which the time to file a petition for a writ of certiorari from the February 27, 2003 denial of petitioner's petition for rehearing en banc elapsed." Resp't's Mot. at 33 (emphasis removed); *see Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality [of a conviction] attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") (citations omitted). The limitations period continued to run through April 6, 2004—the date on which petitioner filed his motion for reconsideration of the denial of his § 23-110 motion. *See* Resp't's Mot. at 33, 35. By then, 312 days had elapsed. The limitations period was tolled for twenty days to April 26, 2004—the date the trial court denied his motion for reconsideration—resumed the following day, and tolled again on May 24, 2004—the date on which petitioner filed a notice of appeal of the denial of his motion for reconsideration. *Id*. at 35-36. By then, 340 days had elapsed, leaving twenty-five days of the one-year limitation period remaining. The limitation period was tolled until May 14, 2007—the date on which the D.C. Court of Appeals issued its mandate dismissing petitioner's last relevant appeal—resumed on May 15, 2007, and expired twenty-five days later, on June 8, 2007. *Id*. Petitioner filed the instant petition on January 16, 2009. Respondent argues that it must be dismissed as untimely. *See* Resp't's Mot. at 1, 31-37; Ex. 23 to Resp't's Mot.

Petitioner responds that the government "ignore[s] the obvious fact that a time-triggering requirement had not been initiated." Petitioner's Addendum to Petitioner's Response to Respondent's Motion to Dismiss Petitioner's Petition for a Writ of Habeas

10

Corpus ("Pet'r's Addendum") [Dkt. #38] at 2. He asserts that the limitations period did

not begin to run in 2003 because "the direct review herein has yet to be finalyzed [sic],

since the D.C. Court of Appeals . . . put off . . . consideration of any of the claims of

ineffective assistance of counsel." *Id.* at 5. Petitioner appears to argue, then, that the

limitations period did not begin to run or should not have begun until such time as the

D.C. Court of Appeals entertained his motions, regardless of whether his motions were

meritorious or timely filed. *See id.* at 6-7. Additionally, petitioner points to his status as

a *pro se* incarcerated litigant who "does not have adequate access to his legal papers" due

in part to his physical limitations and the prison's "refus[al] to provide anyone to assist

[him]." *Id.* at 7. Further, he claims that the government's failure to respond timely to his

Freedom of Information Act requests "hampered this endeavor" such that the limitations

period should not have started to run until May 20, 2008—the date his last motion for a

new trial was denied. *Id.* at 8. None of these arguments is meritorious.

　　The running of the limitations period is not determined by petitioner's satisfaction

with the collateral proceedings in the Superior Court and the D.C. Court of Appeals, the

speed with which he obtained government records, or the assistance received from staff at

the correctional facilities where he has been incarcerated. Nor is his status as a *pro se*

litigant "a circumstance in which it is appropriate to toll the statute of limitations."

*United States v. Lawson*, 608 F. Supp. 2d 58, 62 (D.D.C. 2009). Petitioner's hurdles

were procedural, and his failure to timely file documents or raise claims in the District of

Columbia courts does not deprive him of a vehicle for adjudication of his claims.

Petitioner filed this action on January 16, 2009, approximately eighteen months after the limitations period expired. "[T]he threshold issue is whether more than one year passed between the final conviction date and the habeas petition filing date, excluding any time during which state post-conviction or other collateral proceedings were pending." *Davis v. Cross*, No. 10-0761, 2011 WL 5865886, at *2 (D.D.C. Nov. 20, 2011). Even accounting for the periods during which the limitations period was tolled, the instant petition was not timely filed.

## III. CONCLUSION

Accordingly, the Court will GRANT respondent's motion to dismiss, DENY the petition, and DISMISS this action. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge